UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Perfect Aqua Purifier LLC,** | § | **Case No. 16-10621-HCM** |
| | § | |
| **Debtor** | § | **Chapter 7** |
| ------------------------------------------------- | § | |
| **John Patrick Lowe, Trustee,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Adv. Pro. No. 16-_____-HCM** |
| | § | |
| **Union Square Media Group, LLC,** | § | **(Estimated Time: 2 hrs.)** |
| **Defendant** | § | |

## Complaint to Avoid and Recover Preferential Transfers and For Disallowance of a Proof of Claim

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

JOHN PATRICK LOWE, Trustee of the bankruptcy estate of Perfect Aqua Purifier LLC, files this

Complaint to Avoid and Recover Preferential Transfers and For Disallowance of a Proof of Claim, and in

support thereof would show unto the Court as follows:

**1.**

Plaintiff is the duly qualified and acting Trustee in the underlying Chapter 7 case.

**2.**

This Court has jurisdiction of this proceeding by right of 11 United States Code §§ 502, 547 and

550 and 28 United States Code § 1334. This is a core proceeding by right of 28 United States Code §

157(b)(2)(A), (B), (F) and (O). This Court has venue of this proceeding by right of 28 United States Code

1

§ 1409(a).

3.

The Debtor, Perfect Aqua Purifier LLC, filed a petition under Title 11 United States Code Chapter 7 on May 26, 2016 in the United States Bankruptcy Court for the Western District of Texas, Austin Division, Case No. 16-10621-HCM. The Plaintiff is the statutory representative of the bankruptcy estate in the Chapter 7 proceeding.

4.

The Debtor engaged the services of Defendant for the Defendant's digital advertising services. The Defendant performed those services for the Debtor. The Defendant sent the following invoices to the Debtor for those services:

a.      invoice number 10194 dated November 30, 2015 for November 2015 services in the amount of $330.00;

b.      invoice number 10362 dated December 31, 2015 for December 2015 services in the amount of $72,435.00;

c.      invoice number 10498 dated January 31, 2016 for January 2016 services in the amount of $73,145.00;

d.      invoice number 10656 dated February 29, 2016 for February 2016 services in the amount of $77,125.00; and

e.      invoice number 10811 dated March 31, 2016 for March 2016 services in the amount of $925.00.

5.

The Debtor made three payments to the Defendant within 90 days prior to the filing of Debtor's Chapter 7 case all toward one or more of the invoices described in paragraph 4:

a. March 15, 2016 in the amount of $10,000.00;

b. April 1, 2016 in the amount of $10,000.00; and

c. April 13, 2016 in the amount of $10,000.00.

All three of these payments were made from property of the Debtor, from the Debtor's bank account. All three of these payments were made to and received by the Defendant, a creditor of the Debtor. All three of these payments were for or on account of an antecedent debt, the debt for the digital advertising services, owing by the Debtor to the Defendant before each of the three payments or transfers. The Debtor was insolvent within the 90 days prior to the commencement of the Chapter 7 case. The Debtor was insolvent when it made each of the three payments to the Defendant, the Debtor's May 26, 2016 bankruptcy petition disclosing assets in the amount of $416,997.00 and liabilities in the amount of $3,455,900.00. The Debtor was presumed to've been insolvent in the 90 days prior to the commencement of the Chapter 7 case. 11 United States Code § 547(f).

## 6.

The Debtor filed its petition under Title 11 United States Code Chapter 7 on May 26, 2016 in Case No. 16-10621-HCM in the United States Bankruptcy Court for the Western District of Texas, Austin Division. The three transfers or payments to the Defendant are disclosed by the Debtor in paragraph 3 of its Statement of Financial Affairs.

## 7.

The balance in the Plaintiff's trust account is $17,355.26. The Plaintiff estimates that allowed creditor claims in the Chapter 7 case will not receive a 100% distribution from the bankruptcy estate.

## 8.

The Defendant filed its Proof of Claim in the amount of $192,368.99 on October 31, 2016 at number 8-1 on the Claims Register.

## 9.
## Count 1
## Avoidance and Recovery of Preferential Transfers
## (11 United States Code §§ 547 and 550)

Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 8, inclusive.

The three transfers from the Debtor to the Defendant alleged in paragraph 5 are avoidable as

preferential transfers by right of 11 United States Code §§ 547(b) and 550. Those transfers are

avoidable and should be avoided and the subject matter of the transfers should be recovered by the

Plaintiff for the benefit of the bankruptcy estate because:

a. the three transfers alleged in paragraph 5 constituted the transfers from the Debtor to the

   Defendant of property of the Debtor;

b. the three transfers alleged in paragraph 5 were to or for the benefit of the Defendant, a creditor

   of the Debtor;

c. the three transfers alleged in paragraph 5 were for or on account of an antecedent debt owed by

   the Debtor before the transfers were made;

d. the three transfers alleged in paragraph 5 were made while the Debtor was insolvent within

   the meaning of 11 United States Code § 101(32)(A);

e. the three transfers alleged in paragraph 5 were made within ninety (90) days prior to the

   commencement of the case on May 26, 2016; and

f. the three transfers alleged in paragraph 5 enable the Defendant, Union Square Media Group,

   LLC , to receive more than it would have received if the transfers hadn't been made, that is, the

   transfers enable the Defendant to receive more than it would've received if:

i.      the case were a case under Title 11 United States Code Chapter 7;

ii.      the three transfers had not been made; and

iii.      such creditor received payment of such debt to the extent provided by the provisions

of Title 11 United States Code.

**10.**
**Count 2**
**Disallowance of Proof of Claim**
**(11 United States Code § 502(d))**

Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 8, inclusive.

The Plaintiff also requests that the Court disallow the Defendant's Proof of Claim. The Defendant is an

entity from which property is recoverable under Title 11 United States Code § 547, being the transferee

of three avoidable transfers. Since the transferred property has not been returned to the estate, the

Defendant's Proof of Claim should be disallowed.

**Prayer for Relief**

The Plaintiff requests that the Court render a judgment in favor of the Plaintiff and against the

Defendant, Union Square Media Group, LLC, avoiding the three transfers, and recovering those

transfers of the Debtor for the benefit of the bankruptcy estate. Plaintiff alternatively requests the entry

of a money judgment against the Defendant for the value of the three transfers at the time of the

transfers to the Defendant, $30,000.00.

The Plaintiff also requests that the Court disallow the Defendant's Proof of Claim.

WHEREFORE, premises considered, Plaintiff requests the Court to enter a judgment in favor of the

Plaintiff and against the Defendant avoiding the three transfers or for a money judgment, disallowing the

Defendant's Proof of Claim, for costs of Court, and for such other and further relief, at law or in equity, as

to which Plaintiff may be entitled.

DATED: December **16**, 2016.

Respectfully submitted,

_____

John Patrick Lowe, Trustee
State Bar No. 12623700
218 North Getty Street
Uvalde, Texas 78801
(830) 278-6271
(830) 278-7643 (fax)
Email: johnplowe@sbcglobal.net